# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

E.K.J. and C.M.M.,                        )
                                          )
                    Plaintiffs,           )
                                          )
vs.                                       )          Case No. CIV-14-906-M
                                          )
ERIC ROBERTS, in his individual          )
capacity, et al.,                         )
                                          )
                    Defendants.           )

## ORDER

Before the Court is defendants Lincoln County Jail, Lincoln County Sheriff's Office, and

Lincoln County Sheriff Charlie Dougherty's ("Lincoln County Defendants") Motion to Dismiss,

filed December 2, 2014.  On December 29, 2014, plaintiffs, who are proceeding *pro se*, filed their

response.  On January 5, 2015, Lincoln County Defendants filed their reply, and on January 28,

2015, plaintiffs filed a surreply.

Lincoln County Defendants move this Court to dismiss them from this action as the First

Amended Complaint fails to state a claim upon which any relief could be granted.  Regarding the

standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure

12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient
> factual matter, accepted as true, to state a claim to relief that is
> plausible on its face.  A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the
> reasonable inference that the defendant is liable for the misconduct
> alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a
> defendant has acted unlawfully.  Where a complaint pleads facts that
> are merely consistent with a defendant's liability, it stops short of the
> line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).  Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted).  Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted).  A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted).  Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).  Finally, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972), requires a liberal construction of *pro se* complaints; however, the Court is not required to imagine or assume facts in order to permit a complaint to survive. *Hall*, 935 F.2d at 1109-10.

Plaintiffs mention Lincoln County Defendants only in two of the fifteen causes of action set forth in the First Amended Complaint[1] and name Lincoln County Defendants as parties against whom plaintiffs are seeking relief only in the Eleventh Cause of Action.  In this cause of action, plaintiffs assert a claim, pursuant to 42 U.S.C. § 1985 and 18 U.S.C. § 241, against Lincoln County Defendants for allegedly conspiring to interfere with the civil rights of plaintiffs.

---

[1]In the Seventh Cause of Action, conspiracy to kidnap, plaintiffs mention that Lincoln County Defendants were involved in the alleged conspiracy with the remaining defendants to kidnap plaintiffs but do not appear to seek relief for this cause of action from Lincoln County Defendants.

In order to state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971)). Additionally, "[t]o demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) (internal quotations and citation omitted). "Further, in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985." *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).

Having carefully reviewed the First Amended Complaint, the Court finds that plaintiffs have failed to state a claim against Lincoln County Defendants upon which any relief can be granted. Specifically, the Court finds that plaintiffs have not set forth any allegations of class based or racial discrimination. Further, the Court finds that plaintiffs have not set forth sufficient factual allegations to plausibly show there was a single plan amongst Lincoln County Defendants and the remaining defendants to violate plaintiffs' civil rights. Plaintiffs simply make conclusory allegations that defendants "conspired" together.[2]

---

[2]To the extent that plaintiffs are seeking to assert the Seventh Cause of Action, conspiracy to kidnap, against Lincoln County Defendants, the Court finds that plaintiffs have not set forth sufficient factual allegations to plausibly show there was a single plan amongst Lincoln County Defendants and the remaining defendants to kidnap plaintiffs and that plaintiffs simply make conclusory allegations that defendants "conspired" to kidnap plaintiffs.

Accordingly, the Court GRANTS Lincoln County Defendants' Motion to Dismiss [docket no. 22] and DISMISSES all claims against defendants Lincoln County Jail, Lincoln County Sheriff's Office, and Lincoln County Sheriff Charlie Dougherty.

**IT IS SO ORDERED this 17th day of February, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE