# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| E.K.J. and C.M.M., | ) |
| --- | --- |
| Plaintiffs, | ) |
| vs. | ) Case No. CIV-14-906-M |
| ERIC ROBERTS, in his individual capacity, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant Stephen Kirk's ("Kirk") Motion to Dismiss, filed November 25, 2014. On December 16, 2014, plaintiffs filed their response. Kirk moves this Court to dismiss the claims against him for failure to state a claim.

I.      Standard For Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Finally, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972), requires a liberal construction of *pro se* complaints; however, the Court is not required to imagine or assume facts in order to permit a complaint to survive. *Hall*, 935 F.2d at 1109-10.

II.     Discussion

In their First Amended Complaint, plaintiffs assert fourteen causes of action against Kirk. Plaintiffs assert the following causes of action pursuant to 42 U.S.C. § 1983: (1) unconstitutional search and seizure/deprivation of liberty (First Cause of Action); (2) unconstitutional search and seizure/deprivation of liberty (Second Cause of Action); (3) unlawful use of force (Fourth Cause of Action); (4) attempt to kill by use of a firearm (Fifth Cause of Action); (5) conspiracy to kidnap (Seventh Cause of Action); (6) excessive bail (Eighth Cause of Action); (7) right to confront witness (Ninth Cause of Action); and (8) right to due process (Tenth Cause of Action). Additionally, plaintiffs assert the following causes of action pursuant to 42 U.S.C. § 1985: (1) conspiracy of attempt to kill by use of a firearm (Sixth Cause of Action); (2) conspiracy to interfere with civil rights (Eleventh Cause of Action); (3) assault and battery (Twelfth Cause of Action); (4) attempt to

2

kill (Thirteenth Cause of Action); and (5) kidnap (Fourteenth Cause of Action). Finally, plaintiffs assert an excessive force claim in violation of the Oklahoma Constitution Article 2, Section 30 (Fifteenth Cause of Action).

A. Abstention

In his motion to dismiss, Kirk asserts that to the extent plaintiffs attack the criminal charges currently pending in Lincoln County, the *Younger*[1] abstention doctrine precludes such relief. Having carefully reviewed the First Amended Complaint, the Court finds that through the instant action, plaintiffs are not attacking the criminal charges currently pending in Lincoln County. Additionally, in their response, plaintiffs state that they are not seeking relief in this lawsuit in relation to the criminal charges against them. Accordingly, the Court finds the *Younger* abstention doctrine is not applicable.

B. Section 1983 Claims

Plaintiffs' first two causes of action against Kirk are for unconstitutional search and seizure/ deprivation of liberty. Having carefully reviewed the First Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have failed to state a claim for unconstitutional search and seizure/deprivation of liberty against Kirk. Specifically, the Court finds that plaintiffs have failed to set forth sufficient facts in relation to Kirk to plausibly state a claim for unconstitutional search and seizure/deprivation of liberty. In their First Amended Complaint, plaintiffs make the following factual allegations specifically regarding Kirk:

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

| | | |
|---|---|---|
| 22. | | The Plaintiffs spoke to Defendant Kirk. Defendant Kirk informed the Plaintiffs that "*probable cause is not needed to make an arrest*" and "*no injured party was present*" at the 'emergency' situation. |
| 30. | | The Plaintiffs then pleaded of Defendant Kirk to "*protect us and keep us from further harm*". |
| 31. | | Defendant Kirk replied that he would "*protect*" the Plaintiffs. |
| 40. | | The Plaintiffs sat on the side of the road for approximately fifteen minutes while the Defendants Roberts, Ware, Fausett, and Kirk searched the Plaintiffs' automobile without warrant or consent of the Plaintiffs. |

First Amended Complaint at ¶¶ 22, 30, 31, and 40. The Court finds the above allegations are not sufficient to allow the Court to draw the reasonable inference that Kirk is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' First Cause of Action and Second Cause of Action against Kirk should be dismissed.

In their Fourth Cause of Action, plaintiffs assert a claim for unlawful use of force. Having carefully reviewed the First Amended Complaint, the Court finds the only defendant specifically referenced in the factual allegations relating to this cause of action is defendant Eric Roberts. Plaintiffs make no factual allegations regarding Kirk in reference to this claim. Accordingly, the Court finds that plaintiffs' Fourth Cause of Action against Kirk should be dismissed.

In their Fifth Cause of Action, plaintiffs assert a claim for attempting to kill by use of a firearm. Having carefully reviewed the First Amended Complaint, the Court finds the only defendant specifically referenced in the factual allegations relating to this cause of action is defendant Derrick Lynn Ware. Plaintiffs make no factual allegations regarding Kirk in reference to this claim. Accordingly, the Court finds that plaintiffs' Fifth Cause of Action against Kirk should be dismissed.

In their Seventh Cause of Action, plaintiffs assert a claim for conspiracy to kidnap. "To demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) (internal quotations and citation omitted). Having carefully reviewed the First Amended Complaint, the Court finds plaintiffs have failed to state a claim for conspiracy to kidnap. Specifically, the Court finds that plaintiffs have not set forth sufficient factual allegations to plausibly show there was a single plan amongst Kirk and the other defendants to kidnap plaintiffs. In their First Amended Complaint, plaintiffs simply make conclusory allegations that defendants "conspired" together. Accordingly, the Court finds that plaintiffs' Seventh Cause of Action against Kirk should be dismissed.

In their Eighth Cause of Action, plaintiffs assert a claim for excessive bail. Having carefully reviewed the First Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have failed to state a claim for excessive bail. Plaintiffs allege no specific factual allegations in relation to this claim; plaintiffs simply conclusively allege that their bail was set at "an unreasonable and excessive amount" and that defendants "conspired" to set the bail at "an unreasonable and excessive amount." Plaintiffs do not set forth the actual amount of their bail. The Court finds the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable inference that Kirk is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Eighth Cause of Action against Kirk should be dismissed.

In their Ninth Cause of Action, plaintiffs assert a claim for "right to confront witness." Having carefully reviewed the First Amended Complaint, the Court finds plaintiffs have failed to a state a claim. Specifically, the Court finds that plaintiffs have set forth no specific factual allegations relating to Kirk regarding this claim. Plaintiffs simply use the term "Defendants" in relation to this claim, without specifically identifying the specific actions a specific defendant performed. The Court, therefore, finds the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable inference that Kirk is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Ninth Cause of Action against Kirk should be dismissed.

In their Tenth Cause of Action, plaintiffs asserts a claim for "right to due process." In their First Amended Complaint, plaintiffs make the following allegations regarding this cause of action:

> 132. Defendants Roberts, Ware, Fausett, and Kirk were acting under color of law at the time of the interaction with the Plaintiffs without a legal basis or probable cause.
> 133. Defendants Roberts, Ware, Fausett, and Kirk exceeded their jurisdiction, henceforth violating the secured Constitutional Rights of the Plaintiffs.
> 134. The Defendants Roberts, Ware, Fausett, and Kirk acted under color of law at the time of the Plaintiffs' Due Process rights.
> 135. The Defendants Roberts, Ware, Fausett, and Kirk acted under color of law at the time of the false arrest depriving the Plaintiffs' of their Due Process rights.
> 136. The Defendants actions violated the Fifth Amendment to the Constitution of the United States of America which is guaranteed to all people in this country as an inalienable and inherent right.
> 137. As a result of the above described conduct of Defendants Ware, Robert, Fausett, and Kirk, E.K.J. and C.M.M. suffered damages in the form of mental, physical, and emotional pain and were deprived of the right to not be subject to due process as secured by the Fifth Amendment to the Constitution of the United States of America, in an amount to be proven at trial and determined by a jury.

First Amended Complaint at ¶¶ 132-137. The Court finds these allegations are merely conclusory allegations. Plaintiffs have set forth no factual allegations to support a claim for "right to due process." Further, the Court finds these allegations are not sufficient to allow the Court to draw the reasonable inference that Kirk is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Tenth Cause of Action against Kirk should be dismissed.

C. Section 1985 Claims

In order to state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971)). "Further, in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985." *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).

Having carefully reviewed the First Amended Complaint, the Court finds that plaintiffs have failed to state any claims pursuant to Section 1985. Specifically, the Court finds that plaintiffs have not set forth any allegations of class based or racial discrimination. Accordingly, the Court finds that plaintiffs' Section 1985 claims against Kirk (Sixth Cause of Action, Eleventh Cause of Action, Twelfth Cause of Action, Thirteenth Cause of Action, and Fourteenth Cause of Action) should be dismissed.

D. Oklahoma Civil Rights Violation Claim

In their Fifteenth Cause of Action, plaintiffs assert a claim for violation of their Oklahoma civil rights. Having carefully reviewed the First Amended Complaint, the Court finds plaintiffs have failed to a state a claim. Specifically, the Court finds that plaintiffs have set forth no specific factual

allegations relating to Kirk regarding this claim. Plaintiffs simply use the term "Defendants" in relation to this claim, without specifically identifying the specific actions a specific defendant performed. The Court, therefore, finds the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable inference that Kirk is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Fifteenth Cause of Action against Kirk should be dismissed.

III.  Conclusion

For the reasons set forth above, the Court GRANTS Kirk's Motion to Dismiss [docket no. 21] and DISMISSES all claims against Kirk.

**IT IS SO ORDERED this 17th day of February, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE