# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

E.K.J. and C.M.M., )
)
        Plaintiffs, )
)
vs. ) Case No. CIV-14-906-M
)
ERIC ROBERTS, in his individual )
capacity, et al., )
)
        Defendants. )

## ORDER

Before the Court is defendant Derrick Lynn Ware's ("Ware") Motion to Dismiss, filed November 25, 2014. On December 16, 2014, plaintiffs filed their response. Ware moves this Court to dismiss the claims against him for failure to state a claim.

I.    Standard For Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Finally, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972), requires a liberal construction of *pro se* complaints; however, the Court is not required to imagine or assume facts in order to permit a complaint to survive. *Hall*, 935 F.2d at 1109-10.

II. Discussion

In their First Amended Complaint, plaintiffs assert fourteen causes of action against Ware. Plaintiffs assert the following causes of action pursuant to 42 U.S.C. § 1983: (1) unconstitutional search and seizure/deprivation of liberty (First Cause of Action); (2) unconstitutional search and seizure/deprivation of liberty (Second Cause of Action); (3) unlawful use of force (Fourth Cause of Action); (4) attempt to kill by use of a firearm (Fifth Cause of Action); (5) conspiracy to kidnap (Seventh Cause of Action); (6) excessive bail (Eighth Cause of Action); (7) right to confront witness (Ninth Cause of Action); and (8) right to due process (Tenth Cause of Action). Additionally, plaintiffs assert the following causes of action pursuant to 42 U.S.C. § 1985: (1) conspiracy of attempt to kill by use of a firearm (Sixth Cause of Action); (2) conspiracy to interfere with civil rights (Eleventh Cause of Action); (3) assault and battery (Twelfth Cause of Action); (4) attempt to

kill (Thirteenth Cause of Action); and (5) kidnap (Fourteenth Cause of Action). Finally, plaintiffs assert an excessive force claim in violation of the Oklahoma Constitution Article 2, Section 30 (Fifteenth Cause of Action).

In the First Amended Complaint, plaintiffs allege the following factual allegations regarding Ware:

> 13. Defendants Ware flashed the emergency lights on the vehicle which he was operating after the Plaintiffs had passed beyond Defendant Ware's vehicle. The Plaintiffs yielded to this apparent emergency situation and pulled the automobile to the right lane to a complete halt.
> 14. Defendant Ware approached the Plaintiffs' automobile requesting identification.
> 15. The Plaintiffs asked Defendant Ware the reason for the detainment and the probable cause for the detention, however, Defendant Ware failed to substantiate a claim and provide the Plaintiffs with sufficient information in order to which they may comply.
> 16. The Plaintiffs informed Defendant Ware, Roberts, Fausett, and Kirk of their Fourth, Fifth and Fourteenth Amendment Rights.
> 17. The Plaintiffs asked Defendant Ware to identify himself and fill out a form under authority of 5 USC 552a(e)(3) in order that they may be properly apprised as to the Defendant Ware's identification and the capacity in which he was acting. Defendant Ware denied the Plaintiff's request to identify himself.
> 18. The Plaintiffs served upon the Defendants Roberts, Ware, Fausett, and Kirk a certified copy of their documentation informing the Defendants Roberts, Ware, Fausett, and Kirk that they were not acting in any commercial capacity or for any hirable, for-profit activity and they were simply leisurely traveling.
> 19. Defendant Ware accepted the service and returned to his vehicle.
> 20. Defendant Ware called a wrecker service to tow the Plaintiffs' automobile. Poskey's Wrecker Service arrived. Defendant Ware motioned and directed Poskey's Wrecker Service to back the tow truck up to the front of the Plaintiffs' automobile within <u>Twelve Inches</u>.

26. Defendant Ware then drew a weapon and Pointed the weapon at the Plaintiffs making them fear for their life.
27. Defendant Ware then initiated the breaking of the Plaintiffs' left side window with the butt end of a weapon.
28. Defendant Ware initiated this breaking near the Plaintiff E.K.J.'s head. Causing further duress of the Plaintiffs and making them fear for their life.
32. The Plaintiffs replied that they would comply under duress and in fear for their life.
34. Plaintiff, E.K.J. was immediately pulled from the car by the Defendants and shackled.
40. The Plaintiffs sat on the side of the road for approximately fifteen minutes while the Defendants Roberts, Ware, Fausett, and Kirk searched the Plaintiffs' automobile without warrant or consent of the Plaintiffs.
41. Plaintiff E.K.J. was taken to the vehicle of Defendant Ware.
42. Plaintiff E.K.J. was informed by Defendant Ware that the Plaintiffs E.K.J. and C.M.M. were "*going to be held in jail until a judge could see you*".
43. Defendant Ware informed E.K.J. that the Plaintiffs' "*bones would be broken in a ritual gang initiation by the inmates at the jail*".
44. Defendant Ware also informed E.K.J. the Plaintiffs "*will not be "booked" into the jail and no one will be able to find you*" referencing the Plaintiffs.

First Amended Complaint at ¶¶ 13-20, 26-28, 32, 34, and 40-44.

A. Abstention

In his motion to dismiss, Ware asserts that to the extent plaintiffs attack the criminal charges currently pending in Lincoln County, the *Younger*[1] abstention doctrine precludes such relief. Having carefully reviewed the First Amended Complaint, the Court finds that through the instant action, plaintiffs are not attacking the criminal charges currently pending in Lincoln County. Additionally, in their response, plaintiffs state that they are not seeking relief in this lawsuit in relation to the

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

criminal charges against them. Accordingly, the Court finds the *Younger* abstention doctrine is not applicable.

    B.    <u>Section 1983 Claims</u>

Plaintiffs' first two causes of action against Ware are for unconstitutional search and seizure/ deprivation of liberty. Having carefully reviewed the First Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have set forth sufficient factual allegations to state a claim for unconstitutional search and seizure/deprivation of liberty against Ware. The Court finds the factual allegations set forth in the First Amended Complaint are sufficient to allow the Court to draw the reasonable inference that Ware is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' First Cause of Action and Second Cause of Action against Ware should not be dismissed.

In their Fourth Cause of Action, plaintiffs assert a claim for unlawful use of force. Having carefully reviewed the First Amended Complaint, the Court finds the only defendant specifically referenced in the factual allegations relating to this cause of action is defendant Eric Roberts. Plaintiffs make no factual allegations regarding Ware in reference to this claim. Accordingly, the Court finds that plaintiffs' Fourth Cause of Action against Ware should be dismissed.

In their Fifth Cause of Action, plaintiffs assert a claim for attempting to kill by use of a firearm. Having carefully reviewed the First Amended Complaint, the Court finds plaintiffs have set forth sufficient factual allegations to state a claim for attempting to kill by use of a fireman against Ware. The Court finds the factual allegations set forth in the First Amended Complaint are sufficient to allow the Court to draw the reasonable inference that Ware is liable for the misconduct

5

alleged. Accordingly, the Court finds that plaintiffs' Fifth Cause of Action against Ware should not be dismissed.

In their Seventh Cause of Action, plaintiffs assert a claim for conspiracy to kidnap. "To demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) (internal quotations and citation omitted). Having carefully reviewed the First Amended Complaint, the Court finds plaintiffs have failed to state a claim for conspiracy to kidnap. Specifically, the Court finds that plaintiffs have not set forth sufficient factual allegations to plausibly show there was a single plan amongst Ware and the other defendants to kidnap plaintiffs. In their First Amended Complaint, plaintiffs simply make conclusory allegations that defendants "conspired" together. Accordingly, the Court finds that plaintiffs' Seventh Cause of Action against Ware should be dismissed.

In their Eighth Cause of Action, plaintiffs assert a claim for excessive bail. Having carefully reviewed the First Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have failed to state a claim for excessive bail. Plaintiffs allege no specific factual allegations in relation to this claim; plaintiffs simply conclusively allege that their bail was set at "an unreasonable and excessive amount" and that defendants "conspired" to set the bail at "an unreasonable and excessive amount." Plaintiffs do not set forth the actual amount of their bail. The Court finds the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable

inference that Ware is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Eighth Cause of Action against Ware should be dismissed.

In their Ninth Cause of Action, plaintiffs assert a claim for "right to confront witness." Having carefully reviewed the First Amended Complaint, the Court finds plaintiffs have failed to a state a claim. Specifically, the Court finds that plaintiffs have set forth no specific factual allegations relating to Ware regarding this claim. Plaintiffs simply use the term "Defendants" in relation to this claim, without specifically identifying the specific actions a specific defendant performed. The Court, therefore, finds the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable inference that Ware is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Ninth Cause of Action against Ware should be dismissed.

In their Tenth Cause of Action, plaintiffs asserts a claim for "right to due process." In their First Amended Complaint, plaintiffs make the following allegations regarding this cause of action:

> 132. Defendants Roberts, Ware, Fausett, and Kirk were acting under color of law at the time of the interaction with the Plaintiffs without a legal basis or probable cause.
> 133. Defendants Roberts, Ware, Fausett, and Kirk exceeded their jurisdiction, henceforth violating the secured Constitutional Rights of the Plaintiffs.
> 134. The Defendants Roberts, Ware, Fausett, and Kirk acted under color of law at the time of the Plaintiffs' Due Process rights.
> 135. The Defendants Roberts, Ware, Fausett, and Kirk acted under color of law at the time of the false arrest depriving the Plaintiffs' of their Due Process rights.
> 136. The Defendants actions violated the Fifth Amendment to the Constitution of the United States of America which is guaranteed to all people in this country as an inalienable and inherent right.
> 137. As a result of the above described conduct of Defendants Ware, Robert, Fausett, and Kirk, E.K.J. and C.M.M. suffered damages in the form of mental, physical, and emotional pain

> and were deprived of the right to not be subject to due process
> as secured by the Fifth Amendment to the Constitution of the
> United States of America, in an amount to be proven at trial
> and determined by a jury.

First Amended Complaint at ¶¶ 132-137. The Court finds these allegations are merely conclusory allegations. Plaintiffs have set forth no factual allegations to support a claim for "right to due process." Further, the Court finds these allegations are not sufficient to allow the Court to draw the reasonable inference that Ware is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Tenth Cause of Action against Ware should be dismissed.

### C. Section 1985 Claims

In order to state a claim under § 1985(3), a plaintiff must allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971)). "Further, in the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985." *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979).

Having carefully reviewed the First Amended Complaint, the Court finds that plaintiffs have failed to state any claims pursuant to Section 1985. Specifically, the Court finds that plaintiffs have not set forth any allegations of class based or racial discrimination. Accordingly, the Court finds that plaintiffs' Section 1985 claims against Ware (Sixth Cause of Action, Eleventh Cause of Action, Twelfth Cause of Action, Thirteenth Cause of Action, and Fourteenth Cause of Action) should be dismissed.

### D. Oklahoma Civil Rights Violation Claim

In their Fifteenth Cause of Action, plaintiffs assert a claim for violation of their Oklahoma civil rights. Having carefully reviewed the First Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have set forth sufficient factual allegations to state a claim for violation of their Oklahoma civil rights against Ware. The Court finds the factual allegations set forth in the First Amended Complaint as a whole are sufficient to allow the Court to draw the reasonable inference that Ware is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Fifteenth Cause of Action against Ware should not be dismissed.

### III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Ware's Motion to Dismiss [docket no. 20] as follows:

(A) The Court GRANTS the motion to dismiss as to the Fourth Cause of Action, Sixth Cause of Action, Seventh Cause of Action, Eighth Cause of Action, Ninth Cause of Action, Tenth Cause of Action, Eleventh Cause of Action, Twelfth Cause of Action, Thirteenth Cause of Action, and Fourteenth Cause of Action and DISMISSES these causes of action against Ware, and

(B) The Court DENIES the motion to dismiss as to the First Cause of Action, Second Cause of Action, Fifth Cause of Action, and Fifteenth Cause of Action.

**IT IS SO ORDERED this 17th day of February, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE