# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| E.K.J. and C.M.M., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ERIC ROBERTS, et al., )<br>)<br>Defendants. ) | Case No. CIV-14-906-M |

## ORDER

Before the Court is plaintiffs' Motion for Sealing of Case and Usage of Anonymity by Plaintiffs for Protection of Identity in Lieu of Threats of Physical Harm, filed January 20, 2015. Defendants have filed their responses. Based upon the parties' submissions, the Court makes its determination.

The Tenth Circuit has held:

> Proceeding under a pseudonym in federal court is, by all accounts, "an unusual procedure." *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998) (quotation omitted). Moreover, there does not appear to be any specific statute or rule supporting the practice. To the contrary, the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, *see* Fed. R. Civ. P. 10(a), and Rule 17(a) specifically states that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).
> Nevertheless, we have recognized that there may be exceptional circumstances warranting some form of anonymity in judicial proceedings. As the Eleventh Circuit has explained:
>> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

> *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992). We have held that
> it is proper to weigh the public interest in determining whether some
> form of anonymity is warranted.

*Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

Having carefully reviewed the parties' submissions, the Court finds that plaintiffs have failed to present any exceptional circumstances warranting some form of anonymity in the instant action. The instant action does not involve matters of a highly sensitive and personal nature and the injury litigated against will not be incurred as a result of the disclosure of plaintiffs' identities. Additionally, the Court finds plaintiffs have not established a real danger of physical harm if they are not allowed to proceed anonymously. While plaintiffs allege they have received threats of physical harm, the Court finds allowing the usage of anonymity by plaintiffs in the instant action would likely not have any impact on plaintiffs' receipt of threats, as plaintiffs are being criminally prosecuted in their actual names in Lincoln County District Court as a result of the events at issue in the case at bar. Further, the Court finds that, for the same reasons set forth above, plaintiffs have failed to set forth a sufficient basis for sealing this case.

Accordingly, the Court DENIES plaintiffs' Motion for Sealing of Case and Usage of Anonymity by Plaintiffs for Protection of Identity in Lieu of Threats of Physical Harm [docket no. 27]. Plaintiffs' real names, Elbert Kirby, Jr. and Caleb Matthew Meadows, shall be substituted for the plaintiffs' initials in this case, and all pleadings filed subsequent to this Order shall include plaintiffs' real names.

**IT IS SO ORDERED this 19th day of February, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE