# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ELBERT KIRBY, JR., and )
CALEB MATTHEW MEADOWS, )
                                  )
          Plaintiffs, )
                                  )
vs. ) Case No. CIV-14-906-M
                                  )
ERIC WILLIAM ROBERTS, in his )
individual capacity, et al., )
                                  )
         Defendants. )

## ORDER

Before the Court is defendant Billy Fausett's ("Fausett") Motion to Dismiss Second Amended Complaint, filed May 5, 2015. On May 28, 2015, plaintiffs filed their response.

I.    Standard For Dismissal

Regarding the standard for determining whether to dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 678 (internal quotations and citations omitted). A court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotations and citation omitted). Further, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Finally, the Court is mindful that *Haines v. Kerner*, 404 U.S. 519 (1972), requires a liberal construction of *pro se* complaints; however, the Court is not required to imagine or assume facts in order to permit a complaint to survive. *Hall*, 935 F.2d at 1109-10.

Additionally, because 42 U.S.C. § 1983 is a vehicle for imposing personal liability on government officials, the Tenth Circuit has stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants, such as the instant case. *See Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Further,

> [I]t is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, . . . as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights. Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983 . . . claim.
>
> The same particularized approach applies with full force when a plaintiff proceeds under a theory of supervisory liability.

*Id.* at 1225-26 (internal quotations and citations omitted)(emphasis in original).

II.  Discussion

In their Second Amended Complaint, plaintiffs assert the following causes of action against Fausett: (1) unconstitutional search and seizure/deprivation of liberty (First Cause of Action); (2) unconstitutional search and seizure/deprivation of liberty (Second Cause of Action); (3) unconstitutional search and seizure/deprivation of liberty (Fifth Cause of Action); (4) conspiracy of attempt to kill by use of a firearm (Sixth Cause of Action); (5) conspiracy to kidnap (Seventh Cause of Action); (6) excessive bail (Eighth Cause of Action); (7) right to confront witness (Ninth Cause of Action); (8) right to due process (Tenth Cause of Action); (9) conspiracy to interfere with civil rights (Eleventh Cause of Action); (10) assault and battery (Twelfth Cause of Action); (11) kidnap (Fourteenth Cause of Action); (12) Oklahoma civil rights violation - excessive force (Fifteenth Cause of Action); and (13) breach of contract (Eighteenth Cause of Action).

A.  Unconstitutional search and seizure/deprivation of liberty (First, Second, and Fifth Causes of Action)

In their First, Second, and Fifth Causes of Action against Fausett, plaintiffs assert claims for unconstitutional search and seizure/deprivation of liberty. Having carefully reviewed plaintiffs' Second Amended Complaint[1], and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have failed to state claims for unconstitutional search and seizure/deprivation of liberty against Fausett. Specifically, the Court finds that plaintiffs have failed to set forth sufficient facts in relation to Fausett to

---

[1] The Court would note that plaintiffs incorporate the first sixty-one (61) paragraphs of their First Amended Complaint into their Second Amended Complaint, as well as incorporating their Judicial Notice: Memorandum of Law and Authorities: Unlawful Warrantless Arrest previously filed in this case. Any reference to the Second Amended Complaint in this Order includes those portions of the First Amended Complaint and the Judicial Notice incorporated into the Second Amended Complaint.

plausibly state claims for unconstitutional search and seizure/deprivation of liberty; the allegations set forth in the Second Amended Complaint are not sufficient to allow the Court to draw the reasonable inference that Fausett is liable for the misconduct alleged. Accordingly, the Court finds that plaintiff's First Cause of Action, Second Cause of Action, and Fifth Cause of Action against Fausett should be dismissed.

  B. <u>Conspiracy of attempt to kill by use of a firearm (Sixth Cause of Action)</u>

In their Sixth Cause of Action, plaintiffs assert a claim for conspiracy to attempt to kill by use of a firearm. "To demonstrate the existence of a conspiratorial agreement it simply must be shown that there was a single plan, the essential nature and general scope of which was known to each person who is to be held responsible for its consequences." *Snell v. Tunnell*, 920 F.2d 673, 702 (10th Cir. 1990) (internal quotations and citation omitted).

In their Second Amended Complaint, plaintiffs make the following allegations regarding this cause of action:

> 118. The Defendants Roberts, Ware, Fausett, and Kirk were acting under color of law at the time of the interaction with the Plaintiffs without a legal basis or probable cause.
> 119. Defendants Roberts, Ware, Fausett and Kirk exceeded their jurisdiction, henceforth violating the secured Constitutional Rights of the Plaintiffs as articulated at the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States of America.
> 120. The Defendants Kirk, Roberts, and Fausett conspired with Defendant Ware to take the life of the Plaintiffs, Elbert Kirby, Jr., and Caleb Meadows.
> 121. The Defendants willingly and knowingly conspired against the Plaintiffs as the Defendants Kirk, Roberts, and Fausett failed to halt and prevent, much less apprehend Defendant Ware as Defendant Ware attempted to kill the Plaintiffs. This evidences that the defendants had a unanimous, single plan, which they formed to kill the Plaintiffs.

4

> 122. As a result of the above described conduct of Defendant Ware, Roberts, Fausett, and Kirk, Elbert Kirby, Jr., and Caleb Meadows suffered damages in the form of mental, physical, and emotional pain and were deprived of the right to be free from unlawful and excessive force as guaranteed under the Fourth, Fifth, and Fourteenth Amendment to the Constitution of the United States of America, in an amount not less than 2 million dollars of United States Currency per Plaintiff to be proven at trial and determined by a jury.

Second Amended Complaint at ¶¶ 118-122. The Court finds these allegations are merely conclusory allegations and plaintiffs have not set forth sufficient factual allegations to plausibly show there was a single plan amongst Fausett and the other defendants to attempt to kill by use of a firearm. Accordingly, the Court finds that plaintiffs' Sixth Cause of Action against Fausett should be dismissed.

### C. Conspiracy to kidnap (Seventh Cause of Action)

In their Seventh Cause of Action, plaintiffs assert a claim for conspiracy to kidnap. In their Second Amended Complaint, plaintiffs allege the following regarding the conspiracy to kidnap:

> 79. The defendants possessed a single plan to unlawfully take the Plaintiffs. The Defendants frequently visited their vehicle together for extended periods of time to conspire and formulate their single plan to unlawfully and illegally kidnap the Plaintiffs as the Defendants were aware that there was no probable cause, reasonable suspicion, or warrant to justly detain the Plaintiffs and deprive the Plaintiffs of their Liberty.
>
> \* \* \*
>
> 128. The Defendants Kirk, Ware, and Fausett willingly and knowingly conspired to kidnap the Plaintiffs, Elbert Kirby, Jr., and Caleb Meadows when they improperly restrained the Plaintiffs of their liberty even in light of the facts that the Plaintiffs were to be permitted to go upon their way freely.
> 129. The defendants acted with one plan, plotting to keep the Plaintiffs restrained of their liberty when the defendants had knowledge and knew the Plaintiffs had committed no crime nor executed any arrest-able offense.

5

Second Amended Complaint at ¶¶ 79, 128, 129.

Having carefully reviewed the Second Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have set forth sufficient factual allegations to state a claim for conspiracy to kidnap against Fausett. The Court finds the factual allegations set forth in the Second Amended Complaint are sufficient to allow the Court to draw the reasonable inference that Fausett is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Seventh Cause of Action should not be dismissed.

### D. Excessive Bail (Eighth Cause of Action)

In their Eighth Cause of Action, plaintiffs assert a claim for excessive bail. Having carefully reviewed the Second Amended Complaint, the Court finds plaintiffs have failed to state a claim for excessive bail against Fausett. Specifically, plaintiffs' allegations regarding their excessive bail claim allege that "Defendants Roberts, Ware, Fausett and Kirk," defendants collectively, did certain actions. Plaintiffs, however, do not identify any specific actions taken by Fausett in relation to their excessive bail claim. The Court, therefore, finds that the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable inference that Fausett is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Eighth Cause of Action against Fausett should be dismissed.

### E. Right to confront witness (Ninth Cause of Action)

In their Ninth Cause of Action, plaintiffs assert a claim for right to confront witness. Having carefully reviewed the Second Amended Complaint, the Court finds plaintiffs have failed to state a claim. Specifically, the Court finds that plaintiffs have set forth no specific factual allegations

relating to Fausett regarding this claim. Plaintiffs simply use the term "Defendants" or collectively "Defendants Roberts, Ware, Fausett and Kirk" in relation to this claim, without specifically identifying the specific actions a specific defendant performed. The Court, therefore, finds the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable inference that Fausett is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Ninth Cause of Action against Fausett should be dismissed.

    F.    <u>Right to due process (Tenth Cause of Action)</u>

In their Tenth Cause of Action, plaintiffs assert a claim for right to due process. Having carefully reviewed the Second Amended Complaint, the Court finds plaintiffs have failed to state a right to due process claim. In their Second Amended Complaint, plaintiffs primarily make conclusory allegations and set forth no factual allegations specifically relating to Fausett to support a right to due process claim. Further, the Court finds plaintiffs' allegations are not sufficient to allow the Court to draw the reasonable inference that Fausett is liable for the misconduct alleged. Accordingly, the Court finds that plaintiff's Tenth Cause of Action against Fausett should be dismissed.

    G.    <u>Conspiracy to interfere with civil rights (Eleventh Cause of Action)</u>

In their Eleventh Cause of Action, plaintiffs assert a claim for conspiracy to interfere with civil rights. In their Second Amended Complaint, plaintiffs make the following allegations regarding this cause of action:

> 165.    All Defendants were acting under color of law at the time of the interaction with the Plaintiffs without a legal basis or probable cause.
> 166.    The Defendant Roberts, Ware, Fausett, and Kirk together conspired to injure, oppress, threaten, and intimidate the Plaintiffs when the Defendants planned to act together

    deprive the Plaintiffs of their Fourth, Fifth, Sixth, and Fourteenth Amendments rights as secured by the Constitution of the United States of America.
167. All of Defendants acted in concert to set the Plaintiffs' bail above and beyond any reasonable amount.
168. The defendants segregated and discriminated against the Plaintiffs calling them the "nigger" and "faggot". In particular the Lincoln County Defendants referred to the Plaintiffs in this vain on numerous occasions.
169. All of the Defendants acted with one plan, in one accord to restrain the Plaintiffs of their liberty when in the Defendants' knowledge they knew the Plaintiffs should not have been arrested as they knew of no complaint or cause (arrest-able, felonious offense, probable cause or warrant) which was impending of the Plaintiffs.
170. By the Lincoln County Defendants' neglect to ensure that the Plaintiffs were properly apprised of their rights in knowing the amount of bail, setting a reasonable bail, and continuing in concert with Defendants Ware, Roberts, and Kirk, the Lincoln County Defendants conspired to further deprive the Plaintiffs of their Eight Amendment Right.
171. As a result of the above described conspiracy of all the Defendants, Elbert Kirby, Jr., and Caleb Meadows suffered damages in the form of mental, physical, and emotional pain and due to the Defendants conspiracy to interfere with the Plaintiffs' inalienable rights which are secured by the Constitution of the United States of America, in an amount not less than 2 million dollars of United States Currency per Plaintiff to be proven at trial and determined by a jury.

Second Amended Complaint at ¶¶ 165-171. The Court finds these allegations are merely conclusory allegations and plaintiffs have not set forth sufficient factual allegations to plausibly show there was a single plan amongst Fausett and the other defendants to interfere with civil rights. Accordingly, the Court finds that plaintiffs' Eleventh Cause of Action against Fausett should be dismissed.

  H. <u>Assault and Battery (Twelfth Cause of Action)</u>

  In their Twelfth Cause of Action, plaintiffs assert a claim for assault and battery. While plaintiffs make specific factual allegations regarding defendants Roberts, Ware, and Kirk in relation

to this cause of action, plaintiffs make no factual allegations regarding Fausett. Therefore, the Court finds that the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable inference that Fausett is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Twelfth Cause of Action against Fausett should be dismissed.

I.       Kidnap (Fourteenth Cause of Action)

In their Fourteenth Cause of Action, plaintiffs assert a kidnap claim. Having carefully reviewed the Second Amended Complaint, the Court finds plaintiffs have failed to state a claim. Specifically, the Court finds that plaintiffs have set forth no specific factual allegations relating to Fausett regarding this claim. Plaintiffs simply use the term "Defendants" or collectively "Defendants Roberts, Ware, Fausett and Kirk" in relation to this claim, without specifically identifying the specific actions a specific defendant performed. The Court, therefore, finds the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable inference that Fausett is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Fourteenth Cause of Action against Fausett should be dismissed.

J.       Oklahoma civil rights violation (Fifteenth Cause of Action)

In their Fifteenth Cause of Action, plaintiffs assert a claim for violation of their Oklahoma civil rights. Having carefully reviewed the Second Amended Complaint, the Court finds plaintiffs have failed to a state a claim. Specifically, the Court finds that plaintiffs have set forth no specific factual allegations relating to Fausett regarding this claim. Plaintiffs simply use the term "Defendants" or collectively "Defendants Roberts, Ware, Fausett, and Kirk" in relation to this claim, without specifically identifying the specific actions a specific defendant performed. The Court,

therefore, finds the allegations set forth in relation to this cause of action are not sufficient to allow the Court to draw the reasonable inference that Fausett is liable for the misconduct alleged. Accordingly, the Court finds that plaintiffs' Fifteenth Cause of Action against Fausett should be dismissed.

K. Breach of contract (Eighteenth Cause of Action)

In their Eighteenth Cause of Action, plaintiffs assert a claim for breach of contract. Under Oklahoma law, in order to recover on a breach of contract claim, a plaintiff must establish: (1) formation of a contract, (2) breach of the contract, and (3) damages as a direct result of the breach. *See Dig. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Having carefully reviewed the Second Amended Complaint, and presuming all of plaintiffs' factual allegations are true and construing them in the light most favorable to plaintiffs, the Court finds plaintiffs have failed to state a breach of contract claim. Specifically, the Court finds that plaintiffs have set forth no facts showing any formation of a contract between plaintiffs and Fausett. Accordingly, the Court finds that plaintiffs' Eighteenth Cause of Action against Fausett should be dismissed.

L. Qualified immunity

Finally, in his motion to dismiss, Fausett asserts that he is entitled to qualified immunity. Specifically, Fausett contends that plaintiffs fail to present a plausible claim of a violation of a constitutional right by Fausett, much less that such right was clearly established. The Court has found that all causes of action should be dismissed against Fausett except plaintiffs' conspiracy to kidnap cause of action. The Court has also necessarily found that plaintiffs have presented a plausible claim of a violation of constitutional rights by Fausett in relation to this cause of action. Presuming all of plaintiffs' factual allegations are true and construing them in the light most

favorable to plaintiffs, the Court finds that the constitutional rights at issue in this cause of action was clearly established. Accordingly, the Court finds that Fausett is not entitled to qualified immunity at this stage of the proceedings.

III. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Fausett's Motion to Dismiss Second Amended Complaint [docket no. 78] as follows:

(A) The Court GRANTS the motion to dismiss as to the First Cause of Action, Second Cause of Action, Fifth Cause of Action, Sixth Cause of Action, Eighth Cause of Action, Ninth Cause of Action, Tenth Cause of Action, Eleventh Cause of Action, Twelfth Cause of Action, Fourteenth Cause of Action, Fifteenth Cause of Action, and Eighteenth Cause of Action and DISMISSES these causes of action against Fausett, and

(B) The Court DENIES the motion to dismiss as to the Seventh Cause of Action.

**IT IS SO ORDERED this 24th day of February, 2016.**

*[signature]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE